IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS SALAZAR, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1606-E-BK |
| § | |
| PENNY L. FIEG, ET AL., § | |
| DEFENDANT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Louis Salazar's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.   BACKGROUND

On July 22, Salazar, a Texas resident, filed an amended complaint against Penny L. Fieg, his ex-wife, who now resides in Pennsylvania, and Carington Mortgage Services, LLC, in Westfield, Indiana. Doc. 8 at 1-2. Salazar asserts that he is now paying the entire mortgage for a home that Fieg owns. Doc. 8 at 4. He requests: (1) 50% ownership of the home while he is alive; (2) the ability to choose the insurance for the property; and (3) an order directing that Fieg pay 50% of the mortgage. Doc. 8 at 4. Salar alleges *in toto*:

> On December 2013, Chase Bank approved a house loan, Plaintiff and Defendant paid 50%-50% of the house down payment, since 2024, Plaiintiff and Defendant agree to pay 50%-50% of the mortgage every month, on March 2018 Plaintiff was

> diagnosed with lung cancer, on December 2020 Plaintiff and Defendant signed a contract,, on March 9, 2021 Defendant abandoned the house and breach the contract, since then, Plaintiff keep paying the mortgage every month. Please read all the documents filed in the first complaint. Plaintiff and Defendant were married, then divorced, but living together until Defendant abandoned the house. Thanks.

Doc. 8 at 4 (errors in original).

Salazar checked the box in the form civil complaint for federal question jurisdiction. Doc. 8 at 3. In the *Civil Cover Sheet*, filed with the original complaint, he checked the box for "U.S. Government Plaintiff" as the jurisdictional basis and thusly describes his cause of action: "[b]reach of contract and Plaintiff request[s] right over the house listed in the statement." Doc. 3 at 45.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II.     ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no

federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Salazar's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Salazar has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The amended complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 8 at 3-4. Salazar only generally references a "breach of contract" claim. Doc. 8 at 3. That he checked the box for "U.S. Government plaintiff" on the Civil Cover Sheet is also insufficient to confer jurisdiction on this Court. Doc. 3 at 45.

Likewise, Salazar's fleeting mention of a "statement and relief" that he included with the original complaint purportedly "explain[ing] the reasons to file the complaint in Federal Court" does not establish federal question jurisdiction. Doc. 8 at 3. Indeed, review of the original and amended complaints reveals no allegations supporting federal question jurisdiction. Doc. 3 at 1-3.

Also, since the amended complaint does not present a basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over his state law claims, if any. *See* 28 U.S.C.

§ 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Accordingly, the amended complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Salazar in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Salazar amended complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 7, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).